**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Carolyn T. Merbach, ) | |
| ) | **ORDER GRANTING MOTION TO** |
| Plaintiff, ) | **PROCEED *IN FORMA PAUPERIS*;** |
| vs. ) | **DIRECTING PLAINTIFF TO FILE** |
| ) | **AMENDED COMPLAINT; AND** |
| North Dakota State Water Commission, ) | **DENYING MOTION TO APPOINT** |
| John Britnell, HR Manager, and Todd ) | **COUNSEL** |
| Sando, Appointed Authority AG's Office, ) | |
| ) | Case No. 1:13-cv-030 |
| Defendants. ) | |

On March 7, 2013, plaintiff Carolyn T. Merbach filed an application to proceed *in forma pauperis*, a *pro se* complaint, and a motion for appointment of counsel. On March 26, 2013, Merbach consented to proceed before a magistrate judge. The court grants her application to proceed *in forma pauperis*, but, for the reasons discussed below, will not permit her claim to proceed at this time. The court further denies her motion for appointment of counsel without prejudice.

**I.     BACKGROUND**

Although the specifics of Merbach's claim are somewhat difficult to determine, it is clear that the basis of her claim is that she was wrongfully terminated from her position at the North Dakota State Water Commission in late July or early August of 2011. Merbach submits three documents supporting her claim, including a handwritten complaint on a court-provided sample complaint form, a copy of a complaint she filed with the United States Equal Employment Opportunity Commission ("EEOC") in May 2012, and a right-to-sue letter she received from the EEOC in response to her complaint. Merbach's complaint names three defendants including the North Dakota State Water Commission, John Britnell, and Todd Sando. Britnell and Sando are State

1

employees who were involved in the decision to terminate Merbach. Merbach does not specify whether she is suing Britnell and Sando in their individual or official capacities.[1]

Merbach alleges that her termination was related to a "disability" recognized under the ADA. She alleges that in July 2011, she was called to an unscheduled "review" meeting with two of her supervisors. She alleges that at the time of the meeting, her disability prevented her from reading documents and that she requested accommodation in the form of either rescheduling the meeting or being provided with an assistant to read documents to her or hold documents for her. She alleges that the accommodation was denied and that she refused to attend the meeting.

Although not entirely clear, it appears that Merbach alleges that she was ultimately terminated for "insubordination" for failing to attend the meeting and that this violated Title V of the ADA because she was terminated in retaliation for requesting reasonable accommodation for her disability. Merbach also appears to allege that her termination violated Title I of the ADA because it was related to her request for accommodation at the meeting and to a previous request for a meeting to discuss ADA accommodation. Merbach does not appear to assert any claims in addition to the claims that her termination violated Titles I and V of the ADA. Merbach seeks money damages.[2]

---

[1] Because Merbach does not affirmatively state she is suing Britnell and Sando in their individual capacities, the court must assume Merbach is asserting only official capacity claims. Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims."); Wanke v. Job Serv. N. Dakota, 2:08-CV-94, 2009 WL 1259212, at *4 (D.N.D. May 1, 2009) ("A district court is required to construe the complaint as suing state employees in their official capacity unless the complaint affirmatively states to the contrary.").

[2] Specifically, Merbach requests "monetary damages for current and future earnings, medical expenses for lost insurance (earnings include benefits), personal injuries (the loss of my home and other assets), systematic deprivation injuries (Denied all state services). And any and all other damages that have and did occur (Denial of unemployment compensation) (inability to mitigate) and spelled out at the appropriate time for the Judge's consideration." She does not appear to request reinstatement.

## II.  DISCUSSION

### A.  Motion to proceed *in forma pauperis*

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that the court may authorize the commencement of a suit without prepayment of fees by a person submitting a financial affidavit evincing an inability to pay. See 28 U.S.C. § 1915(a)(1). The court concludes that Merbach has met the burden of showing that she is financially unable to pay the filing fee and therefore, will grant her motion to proceed *in forma pauperis*.

### B.  § 1915(e)(2) screening

Section 1915(e)(2) provides that, notwithstanding financial eligibility, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Federal Rule of Civil Procedure 8(a)(2) requires a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" To meet this standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In applying the standard, the court must accept the plaintiff's factual allegations as true. Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Pro se complaints must be liberally construed. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). However, in construing a pro se complaint, the court "will not supply additional facts, nor . . . construct a legal theory for plaintiff that assumes facts that have not been pleaded." Id. (citing Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989)).

### 1.     Merbach's ADA claims for money damages are barred by the Eleventh Amendment

The Eleventh Amendment bars "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Amendment's grant of State sovereign immunity extends to both suits by citizens of other States and suits by a State's own citizens regardless of the relief requested. See Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001); Kimel v. Florida Bd. of Regents, 528 U.S. 62, 72-73 (2000); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Hans v. Louisiana, 134 U.S. 1, 14-15 (1890). As a general rule, Eleventh Amendment immunity extends to suits against state employees in their official capacities. Pennhurst, 465 U.S. at 101-02; Edelman v. Jordan, 415 U.S. 651, 663 (1974). However, as recognized in the United States Supreme Court's decision in Ex parte Young, 209 U.S. 123 (1908), in certain circumstances, state officials may be sued for prospective injunctive relief. Pennhurst, 465 U.S. at 102-03; Gibson v. Arkansas Dep't of Correction, 265 F.3d 718, 719-20 (8th Cir. 2001). In addition, Congress may abrogate the States' sovereign immunity by expressing its unequivocal intention to do so and acting pursuant to a valid grant of constitutional authority, or a State may waive its sovereign immunity by consenting to suit in federal court. See Garrett, 531 U.S. at 363; Kimel, 528 U.S. at 73; Pennhurst, 465 U.S. at 99-100.

#### A.     Title I claim

Merbach alleges that her termination violated Title I of the ADA because she was terminated for requesting accommodation for her disability. See 42 U.S.C. § 12112(a) ("No covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . discharge of employees[.]"). The United States Supreme Court has held that although Congress unequivocally

intended to abrogate the States' immunity from ADA claims, Congress lacked the authority to subject the States to suits by private individuals for money damages under Title I of the ADA. Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356, 374 (2001). In addition, North Dakota specifically preserves its immunity by statute. N.D.C.C. § 32-12.2-10; see Wanke v. Job Serv. N. Dakota, No. 2:08-CV-94, 2009 WL 1259212, at *1 (D.N.D. May 1, 2009) (holding North Dakota had not waived its immunity from suits under the Age Discrimination in Employment Act). Therefore, Merbach's claim for money damages under Title I of the ADA is barred by the doctrine of sovereign immunity. See, e.g., Idlisan v. SUNY Upstate Med. Univ., No. 5:12-CV-01790, 2013 WL 495409, at *3-4 (N.D.N.Y. Jan. 16, 2013) report and recommendation adopted, 2013 WL 486279 (N.D.N.Y. Feb. 7, 2013) (recommending dismissal under § 1915(e) of claim for money damages under Title I of ADA against state instrumentality and state employee in official capacity because claim was barred by Eleventh Amendment); Trickey v. Selig, No. 4:12-CV-285, 2012 WL 3245956, at * 1 (E.D. Ark. Aug. 8, 2012) (same, but granting motion to dismiss); Morr v. Missouri Dep't of Mental Health, No. 4:08CV359, 2009 WL 1140108, at *4 (E.D. Mo. Apr. 28, 2009) (same, but granting motion for summary judgment).

### B. Title V claim

Merbach alleges that defendants violated Title V of the ADA because she was terminated in retaliation for requesting accommodation for her disability. See 42 U.S.C. § 12203(a). ("No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."). Neither the United States Supreme Court nor the Eighth Circuit has decided whether Congress

validly abrogated the States' Eleventh Amendment immunity against Title V claims. In the only Circuit Court of Appeals case addressing the issue, the Ninth Circuit held that "the Court's holding [in Garrett] necessarily applies to claims brought under Title V of the ADA, at least where, as here, the claims are predicated on alleged violations of Title I." Demshki v. Monteith, 255 F.3d 986, 988 (9th Cir. 2001). Several district courts have agreed with the Ninth Circuit's reasoning in Demshki, and relied on the decision to support the holding that a Title V claim was barred by the ADA. See, e.g., Tinzie v. Arkansas Dep't of Workforce Servs., No. 4:11CV00683, 2012 WL 1739859, at *3 (E.D. Ark. May 16, 2012); Reed v. Coll. of the Ouachitas, No. 6:11-CV-6020, 2012 WL 1409772, at * 5 (W.D. Ark. Apr. 23, 2012); Collazo-Rosado v. Univ. of Puerto Rico, 775 F. Supp. 2d 376, 386-87 (D.P.R. 2011); Morr, 2009 WL 1140108, at *4; but see Villanueva-Cruz v. Puerto Rico, No. CIV. 10-2075, 2012 WL 1712691, at * 6 (D.P.R. May 15, 2012). This court finds the reasoning in Demshki persuasive and holds that Merbach's Title V claim, which is predicated on her claim that she was wrongfully terminated under Title I, is barred by the Eleventh Amendment.

### 2. Merbach must file an amended complaint if she intends to assert claims in addition to those discussed above.

The Eleventh Amendment does not bar suits against state officials in their official capacities for prospective injunctive relief, *i.e.* reinstatement, under Title I of the ADA. Faibisch v. Univ. of Minnesota, 304 F.3d 797, 800 (8th Cir. 2002); Gibson v. Arkansas Dep't of Correction, 265 F.3d 718, 722 (8th Cir. 2001); see Ex parte Young, 209 U.S. 123. However, the allegations in Merbach's complaint are not sufficient to provide defendants with fair notice of a claim for prospective injunctive relief or of any other claim in addition to her claims for money damages under Titles I and V of the ADA discussed above. If Merbach wishes to bring additional claims, she must file an amended complaint addressing the factual basis for those claims.

### C. Motion to Appoint Counsel

In addition to her motion to proceed *in forma pauperis* and complaint, Merbach filed a "Request for Representation, Request for Extension of Time to Serve after Filing." Merbach requests that counsel be appointed because she lacks experience in legal process and procedure and that if an attorney is appointed, the attorney be afforded the chance to review Merbach's pleadings before they are served on defendants.

The court may request that an attorney represent any person who cannot afford to hire an attorney. 28 U.S.C. § 1915(e)(1). However, "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent civil litigant the relevant factors include the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the ability of the litigant to present the claim. Id.

Appointment of counsel is not warranted at this time because the claims now before the court are barred by the Eleventh Amendment and the facts supporting any additional claims should be known by Merbach. As counsel will not be appointed at this time, it is not necessary to allow appointed counsel to review the pleadings before service. Accordingly, Merbach's "Request for Representation, Request for Extension of Time to Serve after Filing" (Docket No. 2) is **DENIED** without prejudice.

### III. CONCLUSION AND ORDER

1. Merbach's application to proceed *in forma pauperis* (Docket No. 1) is **GRANTED**. The Clerk is directed to file her complaint. However, the Clerk shall not serve defendants with the summons and complaint until directed to do so by the court.

2. Since the complaint as it is presently drafted seeks only monetary relief that cannot be granted against immune defendants, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2) unless plaintiff files a proposed amended complaint on or before June 30, 2013, which sets forth a claim for relief that is not barred by the defendants' immunity or the plaintiff demonstrates to the court why it has erred in reaching the conclusions set forth above and why plaintiff should be permitted to proceed with her complaint.

3. Failure to comply with the court's directive will result in dismissal of this action without prejudice.

4. Merbach's "Request for Representation, Request for Extension of Time to Serve After Filing" (Docket No. 2) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated this 22nd day of May, 2013.

>  */s/ Charles S. Miller, Jr.*
> Charles S. Miller, Jr., Magistrate Judge
> United States District Court